**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-20161**
_____

**FREDDIE JOHN DANIEL,**

**Plaintiff-Appellee/Cross-Appellant,**

**versus**

**THERON KEITH HARRISON,**

**Defendant-Appellant/Cross-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-91-0225)**
_____

August 14, 1996

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Contending that he is entitled to qualified immunity in this 42 U.S.C. § 1983 excessive force action, prison guard Theron Keith Harrison appeals the judgment awarded Freddie John Daniel, a state prisoner. Because Daniel did not sustain a "significant" injury, as required by the clearly established law at the time of the incident, we **REVERSE** the judgment in favor of Daniel and **RENDER** judgment for Harrison.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

I.

Daniel claimed that in September 1990, Harrison used excessive force; Harrison claimed qualified immunity. Following a bench trial, the district court held that Harrison used such force, and entered judgment for Daniel, awarding nominal compensatory damages of $10 and punitive damages of $800. Harrison was ordered to pay Daniel's attorney's fees of $10,000, plus costs of $700.

II.

Harrison grounds qualified immunity on the fact that Daniel did not sustain objective physical injuries as a result of the use of force. We conduct a bifurcated analysis to assess the application of such immunity. *E.g., **Rankin v. Klevenhagen***, 5 F.3d 103, 105 (5th Cir. 1993).

The first step is to determine whether a violation of a clearly established constitutional right is alleged. ***Id***. "[C]urrently applicable constitutional standards [are used] to make this assessment". ***Id***. at 106. This step is satisfied by the allegation that Harrison used excessive force against Daniel, in violation of the Eighth and Fourteenth Amendments. *See **Hudson v. McMillian***, 503 U.S. 1 (1992); *see also **Dunn v. Denk***, 79 F.3d 401, 402 (5th Cir. 1996) (en banc).

Because the first step is satisfied, we next determine whether Harrison's "conduct was objectively reasonable". ***Rankin***, 5 F.3d at 105. This assessment is made in light of the legal rules

established at the time of the incident.  *Id*. at 108.  At the time

of the September 1990 incident, the controlling law was ***Huguet v.***

***Barnett***,  900  F.2d  838  (5th  Cir.  1990),  decided  in  May  1990.

(***Huguet*** controlled until late February 1992, when its significant

injury  prong  was  overruled  by  ***Hudson v. McMillian***,  503  U.S.  1

(1992).  *See* ***Rankin***, 5 F.3d at 105 n.2.)

Under ***Huguet***, an excessive force claimant is required to prove

1.  a *significant injury*, which
2.  resulted directly and only from the use
    of force that was clearly excessive to
    the need, the excessiveness of which was
3.  objectively unreasonable, and
4.  the action constituted an unnecessary and
    wanton infliction of pain.

900 F.2d at 841 (emphasis added).

The district court held, erroneously, that ***Shillingford v.***

***Holmes***, 634 F.2d 263 (5th Cir. 1981), provided the controlling

legal standard at the time of the incident.  Under ***Shillingford***,

> [i]f the state officer's action caused severe
> injuries, was grossly disproportionate to the
> need for action under the circumstances and
> was inspired by malice rather than merely
> careless or unwise excess of zeal so that it
> amounted to an abuse of official power that
> shocks the conscience, it should be redressed
> under Section 1983.

*Id.* at 265.  The court found that no objective injuries were found

by the prison nurse who examined Daniel immediately after the

incident, and that Daniel failed to prove that the use of force

proximately caused a cerebral aneurysm rupture which occurred two

- 3 -

and one-half years after the incident.  (Although Daniel filed a cross-appeal, he does not contend that any holding, including that on the aneurysm, was erroneous.  His cross-appeal is, therefore, **DISMISSED**.)

Nevertheless, the court held that Harrison's actions were objectively unreasonable.  It stated that "[t]he physical abuse in this case was sufficiently severe, disproportionate to the need presented, and so deliberate and unjustified to overcome the defense of qualified immunity."  The court reasoned that "[t]he fact that Daniel was not more seriously injured at the time of this [September 1990] incident was merely `fortuitous' and does not bar Daniel's cause of action for excessive force."

It is not necessary to address whether the district court applied **Shillingford** correctly, because, as discussed, **Huguet**, not **Shillingford**, provides the standard for determining the objective reasonableness of Harrison's conduct.  Because the court applied the incorrect legal standard, it did not make a finding on whether Daniel sustained the "significant injury" required by **Huguet**.

This notwithstanding, a remand is unnecessary, because the record contains no evidence to support a finding that Daniel sustained such an injury.  Although he testified that he had several knots on his head and experienced pain in his arm, neck, head, and back for several days after the incident, the district court found that Daniel was examined by a nurse immediately

- 4 -

following the incident, and that no objective injuries were found. This finding is supported not only by Daniel's trial testimony, but also by his medical records, photographs taken while he was at the infirmary after the incident, and a videotape of the examination (covering Daniel proceeding to it, being examined and photographed, and departing), all of which were admitted into evidence at trial.

III.

Because Daniel failed to prove that he sustained a significant injury, as required by the clearly established law at the time of the incident, Harrison is qualifiedly immune from liability under § 1983. Accordingly, we **REVERSE** the judgment in favor of Daniel, and **RENDER** judgment in favor of Harrison.

*REVERSED and RENDERED*